IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JAY ELMER STANTON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-08-50 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner, Jay Elmer Stanton, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus challenging his state court conviction under 28 U.S.C. § 2254. Having examined the pleadings and the applicable law, the Court dismisses this action for failure to exhaust state court remedies.

Petitioner was charged with delivery of a controlled substance. After pleading not guilty, a jury convicted him of the charge, and he was sentenced to 60 years imprisonment. Petitioner appealed his conviction to the Thirteenth Court of Appeals in Corpus Christi, Texas, which affirmed his conviction on October 18, 2007. Petitioner's petition for writ of habeas corpus indicates that he did not file a petition for discretionary review with the Texas Court of Criminal Appeals or a state habeas petition. The Court also visited the website of the Texas Court of Criminal Appeals and has confirmed that Petitioner has not filed for any type of review in that court. *See Texas Court of Criminal Appeals Website*, *available at http://www.cca.courts.state.tx.us/opinions/* (last visited July 11, 2008).

Before a federal court can grant an application for writ of habeas corpus, an applicant must

have exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). An inmate seeking federal habeas relief, who in directly appealing his state criminal conviction has by-passed the Texas Court of Criminal Appeals, will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court through collateral review provided by state habeas procedures. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). In other words, before submitting the claims for federal habeas review, he must have raised his claims with the Texas Court of Criminal Appeals either in a petition for discretionary review or in an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). Thus, because there is no evidence that Petitioner has exhausted his claims with the state's highest court, Petitioner's habeas corpus action will be dismissed.

## Certificate of Appealability

Should Petitioner file an appeal challenging this dismissal, the Court DENIES issuance of a certificate of appealability because he has failed to make a credible showing that he has exhausted his remedies as stated in this order. *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

## Conclusion

Accordingly, this cause of action is DISMISSED, without prejudice, for Jay Elmer Stanton's failure to present his claims to the state's highest court as required by 28 U.S.C. § 2254. A certificate of appealability is also DENIED.

It is so ORDERED.

SIGNED this 14th day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE